IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

NATIONAL ELEVATOR INSPECTION
SERVICES, INC.                                                                                          PLAINTIFF

v.                           Case No. 4:13-cv-00237-KGB

THOMAS SHARP, WAYNE L. INGRAM,
and ATIS ELEVATOR INSPECTIONS, LLC                                             DEFENDANTS

## ORDER

On May 3, 2013, defendants filed their motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. No. 4). On May 13, 2013, plaintiff filed its notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) (Dkt. No. 6). On May 21, 2013, the Court entered its Order dismissing the claims without prejudice and denying defendants' motion to dismiss as moot (Dkt. No. 7). On June 7, 2013, defendants filed the present motion for sanctions and attorney's fees (Dkt. No. 8). Plaintiff filed its statement in opposition and supporting authorities to defendants' motion for sanctions and attorney's fees (Dkt. No. 9). The Court grants defendants' motion for leave to file a reply to plaintiff's response (Dkt. No. 10), has considered defendants' reply, and has considered plaintiff's response in opposition to the reply (Dkt. No. 12). For the following reasons, defendants' motion for sanctions and attorney's fees is denied.

Defendants request sanctions and fees pursuant to 28 U.S.C. § 1927. Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 sanctions are appropriate "when an attorney's conduct viewed objectively, manifests either

intentional or reckless disregard of the attorney's duties to the court." *Tenkku v. Normandy Bank*, 348 F.3d 737, 743 (8th Cir. 2003) (internal quotation and citation omitted). Because § 1927 is penal in nature, it should be strictly construed so that it does not diminish the legitimate zeal of an attorney representing a client. *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999) (internal quotation and citation omitted).

Defendants argue that "Plaintiff's counsel 'unreasonably and vexatiously' multiplied the proceedings in this case by erroneously asserting that jurisdiction lies with this Court. A reasonable and prudent attorney would not have attempted to obtain jurisdiction by 'virtue of diversity of citizenship, 28 U.S.C. § 1332,' while simultaneously affirmatively asserting that Plaintiff and two of the defendants were citizens of the same state, *i.e.* Missouri." (Dkt. No. 8). Defendants request that the "Court order Plaintiff's counsel to reimburse them for all the fees and cost incurred in responding to the Complaint he elected to file with this honorable court on the erroneous basis of 'complete diversity jurisdiction.'" (Dkt. No. 8).

Plaintiff argues that there was no need to file the motion to dismiss because it could "have been resolved for nothing more than the cost of a telephone call to Plaintiff's counsel." (Dkt. No. 9). In response to defendants' motion to dismiss, plaintiff quickly filed its Notice of Voluntary Dismissal (Dkt. No. 6). Plaintiff argues that it did not in any way multiply or delay the proceedings but "instead acted promptly to address a jurisdictional flaw in the simplest manner." (Dkt. No. 9).

First, this Court must determine whether it has jurisdiction to rule on this motion. The Court finds that it does have jurisdiction. The United States Supreme Court found that "[l]ike the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a

collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). In *Perkins v. General Motors Corp.*, the Eighth Circuit stated that "[a] federal court may consider collateral issues after an issue is no longer pending." 965 F.2d 597, 599 (8th Cir. 1992). Courts have found that Rule 11 jurisdiction is independent of subject matter jurisdiction and that a court's decision to sanction is a collateral one. *See Chemiakin v. Yefimov*, 932 F.2d 124 (2d. Cir. 1991); *Willy v. Coastal Corp.*, 915 F.2d 965, 966-67 (5th Cir. 1990) (holding that the district court had the inherent power to impose Rule 11 sanctions despite the court's lack of subject matter jurisdiction); *Wojan v. General Motors*, 851 F.2d 969, 972 (7th Cir. 1988) (parties are not shielded from Rule 11 sanctions simply because the court lacks subject matter jurisdiction over the underlying case). Because Rule 11 sanctions are considered collateral issues, this Court has jurisdiction to rule on this motion.

The Court declines to find on this record that the conduct of plaintiff's counsel was unreasonable or vexatious. Counsel's conduct did not manifest an intentional or reckless disregard for his duties to this Court. Counsel did not try to argue that the Court had jurisdiction when confronted with defendants' motion establishing it did not. Instead, counsel acted promptly to address the jurisdictional flaw by filing a voluntary dismissal.

For these reasons, defendants' motion for leave to file a reply to plaintiff's response to defendants' motion for sanctions is granted (Dkt. No. 10). The Court hereby denies defendants' motion for sanctions and attorney's fees (Dkt. No. 10).

IT IS SO ORDERED this 30th day of August, 2013.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE